

ORIGINAL

FILED _____
ENTERED _____   RECEIVED _____
                  SERVED ON _____
COUNSEL/PARTIES OF RECORD

DEC 0 8 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

SOFIA Y. KOUTSEVA
7251 Burrett Ave.
Las Vegas, Nevada 89178
Telephone (702) 494-7521
Plaintiff In Proper Person

UNITED STATES ~~~~~~~
DISTRICT (

2:17-cv-03021-JCM-CWH

SOFIA Y. KOUTSEVA                          )
                                           )
                Plaintiff,                 )
                                           )
        vs.                                )
WYNN RESORTS HOLDINGS, LLC,                )
Nevada Limited Liabitilty Company;         )
WYNN LAS VEGAS; ENCORE SPA; and            )
DOES and ROES I through XX, inclusive,     )
                                           )
                Defendants.                )
                                           )
                                           )
                                           )
                                           )

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. Section 1983 FOR HARASSMENT BASED ON HOSTILE WORK ENVIRONMENT; RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as Amended; TITLE VII, CIVIL RIGHTS ACT OF 1991, as Amended; AND THE NEVADA REVISED STATUTES CHAPTER 613.310 ) through 613.435, INCLUSIVE.

COMES NOW, SOFIA Y. KOUTSEVA, Plaintiff in Proper Person, and for her causes of action, Complains as to each Defendant and alleges as follows:

## I. JURISDICTIONAL ALLEGATIONS

1.    Defendant, ENCORE SPA is a division of Defendant, WYNN LAS VEGAS, LLC (dba WYNN RESORTS), which is a Nevada State Run Facility under the authority and control of Defendant, WYNN RESORTS HOLDINGS, LLC, and is an employer who regularly employs fifteen or more persons. Each act complained of occurred within this jurisdiction and therefore, jurisdiction is proper before this Court.

2.    At all times herein mentioned, Plaintiff is informed and believes that DOES and ROES I through XX are fictitious names, that Plaintiff is ignorant of the true names of the individuals, corporations, co-partnership and association so designated by these fictitious names, and when the true names are discovered, Plaintiff will seek leave of Court to amend this Complaint and proceedings herein to substitute the true names of

1

said Defendants. Plaintiff believes that each of the Defendants designated herein as a DOE and ROE is responsible in some manner for the events herein referred to and negligently, carelessly, recklessly and in a manner that is willful, caused damages proximately thereby to Plaintiff as herein alleged.

3. That Plaintiff is a female and is a resident of Clark County, State of Nevada.

4. Plaintiff was hired on November 26, 2008 as a Message Therapist by Defendant, ENCORE SPA, which performs services for guests at Defendant, WYNN RESORTS, which is Nevada Run Facility under the authority and control of Defendant, WYNN RESORTS HOLDINGS, LLC.

5. Plaintiff is informed and believes, and thereupon alleges that, at all times relevant herein, each of the Defendants was the agent, employee and/or joint venture of, or working in concert with his/her co-Defendants, and was acting within the scope of such agency, employment and/or joint venture or concerted activity.

6. On or about June 2, 2016, Plaintiff lodged a Complaint for Harassment with Defendant's Human Resources Department Representative against her Supervisor, Erika Valles.

7. Plaintiff filed a Complaint with the U.S. Equal Employment Opportunity Commission on June of 2017, alleging Harassment and Retaliation against Defendants, and received a Right To Sue letter on or about September 11, 2017, allowing Plaintiff to sue these Defendants.

8. Plaintiff alleges that the foregoing treatment by Defendants is in violation of Title VII, Civil Rights Act of 1964, as amended; Title VII, as amended; Nevada Revised Statutes Chapter 613.310 through 613.435 inclusive and further and alternative Federal and State statutes that may have been violated by Defendants' outrageous harassing and retaliatory conduct.

9. This Court is the proper Court of Jurisdiction.

2

## II GENERAL ALLEGATIONS

10.   That Plaintiff, SOFIA Y. KOUTSEVA, was hired on November 26, 2008 as a Message Therapist by Defendant, ENCORE SPA, which performs services for guests at Defendant, WYNN LAS VEGAS, which is Nevada Run Facility under the authority and control of Defendant, WYNN RESORTS HOLDINGS, LLC

11.   That throughout her tenure with Defendant, Plaintiff's overall performance and communication skills were beyond reproach. Plaintiff's working relationship with her subordinates and supervisor was problem free and never questioned and often complimented. Her overall skills as a Message Therapist were highly regarded as demonstrated by her performance reviews. Plaintiff was treated with respect by her subordinates, co-workers and guests.

12.   That in 2013, Plaintiff joined the Message Advisory Board. The Board conducted regularly scheduled meetings addressing, among other things, concerns of company employees following employee surveys conducted by a Supervisor, Janel Raihl. The Board addressed issues concerning the balancing of the Company's books to ensure that Message Therapists were allocated an equal number of guest appointments. Not being aware of such issues beforehand, Plaintiff took on this project and began looking into this situation of equal distribution of appointments. It became evident that certain Therapists had fewer appointments and desired to have more, while other Therapists were given additional appointments with guests on a consistent basis. This situation went against Company Policy of equal appointment allocations. The Therapists wanted to have a "Book-Balancing Team" to assure equal allocation of guests. Plaintiff discovered that these concerns were presented to the Spa director, Ella Stimpson, but the situation had not been resolved.

13.   Plaintiff attempted to meet with the Department Human Resources Representative but never was able to set up an appointment to obtain the "Book-Balancing Policy" Company Policy.

14. Plaintiff had expressed her frustration of not being able to meet with Human Resources, with a friend. Within one week of this conversation, Lead Therapist, Uriel Samaniego, went to the General Manger to ask for the referenced Policy and announced that he did so at a "pre-shift" meeting. Director, Uriel Samaniego, then privately approached Plaintiff and, in a hostile manner, and stated that he was going to blame this Plaintiff for each and every problem that subsequently arises due to my attempts to change things. Plaintiff was subsequently informed by fellow employees that the "big-man wanted me out and was going to get rid of Plaintiff." Plaintiff immediately reported this incident to her Director, Erika Valles.

15. That from this point, the treatment and respect shown towards Plaintiff, dramatically changed. On December 28, 2013, Plaintiff received her first Record of Conversation (ROC) regarding guest complaints and was reprimanded. Prior to this incident, guest feedback never generated any reprimand.

16. Additional reprimands followed. On March 25, 2016, Plaintiff was summoned to the office of Erika Valles who reprimanded Plaintiff for not saying "hi" to her and other leadership team members. Plaintiff conducted herself in the same manner since she had been employed. She was known to be somewhat quiet but never intentionally ignored or disrespected anyone. This Director continued to find fault with Plaintiff. Plaintiff attempted to discuss these sudden complaints with Ms. Valles pertaining to her allegedly failing to always smile and say "hi". However, Ms. Valles attitude was disconcerting and offensive.

17. On May 13, 2016, Ms. Valles told Plaintiff that she had informed Human Resources of this incident and that Plaintiff was creating a conflict and that Plaintiff was going to be contacted.

18. As a result of this hostile treatment and baseless accusations, on June 2, 2016, Plaintiff met with Sandra Rodriguez, the Department Human Resources Representative, and informed her of the hostile treatment she was being subjected to

4

by Ms. Valles. Plaintiff was assured that no adverse treatment would occur for reporting this incident of harassment. However, the harassment continued and began to escalate.

19. On October 9, 2016, Plaintiff received her second ROC regarding an alleged Customer Complaint.

20. On or about November 18, 2016, Plaintiff's yearly Review falsely indicated that Plaintiff was reluctant to participate in certain types of face messages. This was shown to be based upon a false interpretation of a conversation with a fellow employee that had nothing to do with any reluctancy to perform as she always did. This pertained to a "caution" to a employee about using oil on the employee's face during the message. This led to Plaintiff receiving negative comments in her review.

21. Plaintiff continued to endure constant criticism, baseless accusations, and increasing hostile treatment, from Ms. Valles. This included receiving a second written warning on February 25, 2017.

22. From about March 10 2017 through May 19, 2017, Plaintiff was reported to upper management and the Company's Legal Department as not performing as expected without having an opportunity to demonstrate the false statements being made against her. Plaintiff reported this ongoing harassment and hostility to the Human Resources Department to no avail.

23. On or about June 2, 2017, Plaintiff filed a Complaint of Harassment against Defendants, with the US Employment Opportunity Commission. Soon thereafter, on June 16, 2017, Plaintiff received a third written warning based upon unsubstantiated and false allegations, and was placed on suspension. Plaintiff was ultimately terminated from her employ on or about June 24, 2017.

24. The increasing hostile working environment as referenced herein, was having a detrimental affect on Plaintiff causing her to suffer depression and many sleepless nights. The escalating harassment and hostility for complaining to Human Resources

5

and ultimately filing a Complaint with the EEOC was clearly in retaliation for doing so which is in violation of Plaintiff's Constitutional rights as stated herein.

25.    As a result of Defendants' unlawful acts, Plaintiff has suffered general and special damages in excess of ten thousand dollars ($10,000) which are to be more specifically described and proven at time of trial.

### III. FIRST CLAIM FOR RELIEF
### HARASSMENT BASED ON HOSTILE WORK ENVIRONMENT)

26.    Plaintiff incorporates and realleges Paragraphs 1 through 25 as though fully set forth herein.

27.    Plaintiff joined the Message Advisory Board in 2013, which conducted regularly scheduled meetings addressing, among other things, concerns of company employees following employee surveys conducted by a Supervisor, Janel Raihl. The Board addressed issues concerning the balancing of the Company's books to ensure that Message Therapists were allocated an equal number of guest appointments. Plaintiff took on this project and began looking into this situation of equal distribution of appointments.  Plaintiff ultimately expressed her frustration of not being able to meet with Human Resources, with a friend.  Within one week of this conversation, Lead Therapist, Uriel Samaniego, went to the General Manger to ask for the referenced Policy and announced that he did so at a "pre-shift" meeting.  Director, Uriel Samaniego, then privately approached Plaintiff and, in a hostile manner, and stated that he was going to blame this Plaintiff for each and every problem that subsequently arises due to my attempts to change things.  Plaintiff was subsequently informed by fellow employees that the "big-man wanted me out and was going to get rid of Plaintiff."   Plaintiff immediately reported this incident to her Director, Erika Valles.

28.    From this point on, the treatment and respect shown towards Plaintiff, dramatically changed. On December 28, 2013, Plaintiff received her first Record of Conversation

(ROC) regarding guest complaints and was reprimanded. Prior to this incident, guest feedback never generated any reprimand.

29. Additional reprimands followed. On March 25, 2016, Plaintiff was summoned to the office of Erika Valles who reprimanded Plaintiff for not saying "hi" to her and other leadership team members. Plaintiff conducted herself in the same manner since she had been employed. She was known to be somewhat quiet but never intentionally ignored or disrespected anyone. This Director continued to find fault with Plaintiff. Plaintiff attempted to discuss these sudden complaints with Ms. Valles pertaining to her allegedly failing to always smile and say "hi". However, Ms. Valles attitude was disconcerting and offensive.

30. On May 13, 2016, Ms. Valles told Plaintiff that she had informed Human Resources of this incident and that Plaintiff was creating a conflict and that Plaintiff was going to be contacted.

31. As a result of this hostile treatment and baseless accusations, on June 2, 2016, Plaintiff met with Sandra Rodriguez, the Department Human Resources Representative, and informed her of the hostile treatment she was being subjected to by Ms. Valles. Plaintiff was assured that no adverse treatment would occur for reporting this incident of harassment. However, the harassment continued and began to escalate.

32. On October 9, 2016, Plaintiff received her second ROC regarding an alleged Customer Complaint.

33. On or about November 18, 2016, Plaintiff's yearly Review falsely indicated that Plaintiff was reluctant to participate in certain types of face messages. This was shown to be based upon a false interpretation of a conversation with a fellow employee that had nothing to do with any reluctancy to perform as she always did. This pertained to a "caution" to the employee about using oil on a guest's face during the message. This led to Plaintiff receiving negative comments in her yearly Review.

7

34. Plaintiff continued to endure constant criticism, baseless accusations, and increasing hostile treatment, from Ms. Valles. This included receiving a second written warning on February 25, 2017.

35. From about March 10 2017 through May 19, 2017, Plaintiff was reported to upper management and the Company's Legal Department as not performing as expected without having an opportunity to demonstrate the false statements being made against her. Plaintiff reported this ongoing harassment and hostility to the Human Resources Department to no avail.

36. Plaintiff believes that she was treated in the manner and subjected to this ongoing harassment as described herein, in retaliation for her complaints to Human Resources and then filing a Complaint with the EEOC, all in violation of Title VII, of the Civil Rights Act of 1964, as amended, and Nevada Revised Statutes Chapters 613. 310 through 613.435, inclusive.

37. As a result of Defendants' unlawful acts, Plaintiff has suffered general and special damages in excess of ten thousand dollars ($10,000) which are to be more specifically described and proven at time of trial.

## IV.  SECOND CLAIM FOR RELIEF
## RETALIATION

38. Plaintiff incorporates and re alleges Paragraphs 1 through 37 as though fully set forth herein.

39. On or about June 2, 2017, Plaintiff filed a Complaint of Harassment against Defendants, with the US Employment Opportunity Commission. Soon thereafter, on June 16, 2017, Plaintiff received a third written warning based upon unsubstantiated and false allegations, and was placed on suspension. Plaintiff was ultimately terminated from her employ on or about June 24, 2017.

40. Plaintiff believes that she was harassed, and treated in a hostile and degrading manner, in retaliation for her Complaints to Human Resources and filing a Complaint

8

with the EEOC, all in violation of Title VII, of the Civil Rights Act of 1964, as amended, and Nevada Revised Statutes Chapters 613. 310 through 613.435, inclusive.

41.    As a result of Defendants' unlawful acts, Plaintiff has suffered general and special damages in excess of ten thousand dollars ($10,000) which are to be more specifically described and proven at time of trial.

**WHEREFORE,** Plaintiff prays for judgement against Defendants, and each of them, as follows:

1.    For General and Special Damages, jointly and severally, in a sum in excess of ten thousand ($10,000), the exact amount of which is to be proven at time of Trial;

2.    For Emotional Distress Damages, jointly and severally, in an amount that the Court deems appropriate.

3.    For the Employer to reinstate her into her former position with the Company.

4.    For such other and further relief as the Court may deem just and proper in the premises.

DATED this __7__ day of December, 2017.

SOFIA Y. KOUTSEVA
7251 Burrett Ave.
Las Vegas, Nevada 89178
Telephone (702) 494-7521
Plaintiff In Proper Person

9

**VERIFICATION**

STATE OF NEVADA      )
                         )ss.
COUNTY OF CLARK    )

I, SOFIA Y. KOUTSEVA, under penalty of perjury, being first duly sworn, deposes and says: That I am the Plaintiff in the above-entitled action; that I have read the foregoing Plaintiff's Complaint for Harassment based on Hostile Work Environment and Retaliation, and know the contents thereof; that the same is true of my own personal knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

DATED this __7__ day of December, 2017.

SOFIA Y. KOUTSEVA

SUBSCRIBED and SWORN to before me this __7__ day of Dec, 2017.

NOTARY PUBLIC

BONNIE SAMUELS
Notary Public, State of Nevada
Appointment No. 07-3603-1
My Appt. Expires Jun 1, 2019

**ACKNOWLEDGMENT**

STATE OF NEVADA      )
                         )ss.
COUNTY OF CLARK    )

On this __7__ day of December, 2017, before me, the undersigned Notary Public in and for said County and State, personally appeared SOFIA Y. KOUTSEVA, known to me to be the person described in and who executed the foregoing Plaintiff's Complaint for Wrongful Termination Harassment based on Hostile Work Environment and Retaliation, and who acknowledged to me she did so freely and voluntarily and for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to before me this __7__ day of December, 2017.

NOTARY PUBLIC

BONNIE SAMUELS
Notary Public, State of Nevada
Appointment No. 07-3603-1
My Appt. Expires Jun 1, 2019